James Benjamin WRIGHT  *v.*  STATE of Arkansas

CA CR 04-1036                                     214 S.W.3d 280

Court of Appeals of Arkansas
Opinion delivered September 28, 2005

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant James Benjamin Wright was convicted in a bench trial of first-degree terroristic threatening, and was sentenced as a habitual offender to fifteen years in prison. Simultaneously, a revocation order was entered whereby Mr. Wright was sentenced to nine years in prison in connection with a prior guilty plea for first-degree terroristic threatening. The trial court ordered the two prison sentences to run concurrently.

Mr. Wright now appeals from each of the judgments. With respect to the conviction, Mr. Wright's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, on the grounds that the appeal is without merit. Mr. Wright's counsel has filed a merit appeal from the order of revocation, arguing that the trial court erred in revoking his suspended imposition of sentence because the State failed to introduce proof of his conditions as part of its case. We affirm the conviction and we reverse the revocation.

In this case, the trial on the first-degree terroristic threatening charges was conducted immediately prior to the revocation hearing. At the trial, Donna Wright testified that Mr. Wright is her husband, but that they are separated. Mrs. Wright stated that on the night of March 22, 2003, while Mr. Wright was under a protective order and was not to contact her, Mr. Wright came to her house and attempted to open the front door, but it was locked. Mr. Wright then cursed at Mrs. Wright, made a reference to her having company in the house, and threw a three-foot-tall ashtray through the front window. According to Mrs. Wright, Mr. Wright had been calling her on the phone and had threatened to burn her house down with her in it.

Mr. Wright's counsel asserts in his brief that any appeal from the first-degree terroristic threatening conviction would be without merit, noting that there were no adverse rulings from which to appeal. Mr. Wright was provided a copy of his counsel's brief and notified of his right to file a list of points for reversal within thirty days, but has failed to do so.

We agree that the appeal from Mr. Wright's conviction is meritless. As Mr. Wright's counsel points out, the only adverse ruling was the trial court's denial of his directed-verdict motion. However, any challenge to the sufficiency of the evidence is not preserved for appeal because the motion was not specific as required by Ark. R. Crim. P. 33(b). A general motion that merely

asserts that the State failed to prove its case is inadequate to preserve the issue for appeal. *Beavers v. State*, 345 Ark. 291, 46 S.W.3d 532 (2001). Mr. Wright's counsel further asserts that even if a sufficiency challenge had been preserved it would be without merit, and we agree. The testimony of Mrs. Wright amounted to substantial evidence to convict Mr. Wright of first-degree terroristic threatening, which is committed by a person if, "[w]ith the purpose of terrorizing another person, he threatens to cause death or serious physical injury or substantial property damage to another person." *See* Ark. Code Ann. § 5-13-301(a)(1)(A) (Repl. 1997).

Based on our review of the record and Mr. Wright's counsel's brief, we conclude that there has been full compliance with Rule 4-3(j)(1) and that the appeal from the conviction is without merit. Therefore, we affirm the conviction and grant Mr. Wright's counsel's motion to be relieved.

We now turn to Mr. Wright's appeal from the revocation order, which has been briefed and argued on the merits. The revocation proceedings were premised on a judgment filed on August 9, 2002, which entered a conviction against Mr. Wright for first-degree terroristic threatening, and contained the handwritten notation that he not have any contact with Mrs. Wright. At the revocation hearing the State established that Mr. Wright violated the no-contact provision during the March 23, 2002, incident, where he tried to enter Mrs. Wright's home and then threw an ashtray through her front window.

For reversal of the revocation, Mr. Wright contends that the proof was insufficient because the State failed to introduce into evidence the written conditions that he allegedly violated. Mr. Wright concedes that he failed to raise this argument below, but nonetheless asserts that no objection was necessary pursuant to *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001), where the supreme court held that defendants are not required to move for a directed verdict in revocation proceedings in order to preserve a challenge to the sufficiency of the evidence on appeal.

We find it unnecessary to address the argument being raised on appeal, and we reverse the revocation order sentencing Mr. Wright to nine years' imprisonment. This is because the underlying order entered on August 9, 2002, does not reflect that Mr. Wright was given any probation or a suspended imposition of sentence. Instead, it imposes a sentence of 108 days in prison with

credit for 108 days served. In both the State's revocation petition and Mr. Wright's brief to this court, it is represented that the August 9, 2002, order imposed a nine-year suspended imposition of sentence, less the 108 days served. However, the August 9, 2002, order contains no such provision.

In *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003), the supreme court held that a trial court does not have the authority to revoke a suspended sentence before the commencement of the period of suspension, and that in such instances the resulting sentence is void. In the case at bar, no suspended sentence ever commenced, and thus the order of revocation was unauthorized and the sentence void. Although Mr. Wright does not challenge the legality of his sentence on appeal, we review problems involving void or illegal sentences even if not raised on appeal and not objected to in the trial court. *See Harness v. State, supra.*

Mr. Wright's conviction for first-degree terroristic threatening and resulting fifteen-year prison term is affirmed, and we grant his counsel's motion to be relieved on the grounds that the appeal from the conviction is without merit. The unauthorized nine-year prison term is reversed and dismissed.

Affirmed in part; reversed and dismissed in part.

GRIFFEN and CRABTREE, JJ., agree.