

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–1072

| | | |
|---|---|---|
| | | Opinion Delivered: MAY 25, 2016 |
| JUAN PEREZ | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. CR-14-312] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE KIRK JOHNSON, JUDGE |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Juan Perez was convicted of three counts of rape committed against K.W., who was ten or eleven years old when the offenses were committed. Mr. Perez was sentenced to three concurrent twenty-five-year prison terms. On appeal, Mr. Perez argues that the trial court erred by failing to grant his motion for directed verdict because there was insufficient evidence that he committed the crimes.

As an initial matter, we observe that Mr. Perez's argument on appeal also purports to challenge the sufficiency of the evidence supporting an additional rape conviction committed against nine-year-old G.K. The charges involving K.W. were assigned case number 46CR–14–312–1, and the charge involving G.K. was given case number 46CR–14–183–1, and the two cases were tried together. However, there were two separate sentencing orders entered by the trial court. The sentencing order in case number 46CR–14–312–1 is included in the record on appeal; the sentencing order in case number 46CR–

14-183-1 is not. The sentencing order that is before this court on appeal provides that the three concurrent sentences in 46CR-14-312-1 shall run consecutive with the sentence in 46CR-14-183-1.

In Mr. Perez's notice of appeal, he indicated only that he was appealing from his convictions in case number 46CR-14-312-1, which he identified as three convictions for which he was sentenced to 300 months in prison. The notice of appeal makes no mention of case number 46CR-14-183-1, nor does it otherwise identify the conviction arising out of that case.

Rule 2(a) of the Arkansas Rules of Appellate Procedure provides in part that "the person desiring to appeal a circuit court judgment or order or both shall file with the clerk of the circuit court a notice of appeal identifying the parties taking the appeal and the judgment or order or both being appealed." A notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court. *Todd v. State*, 2015 Ark. App. 356, 465 S.W.2d 435.

Because Mr. Perez's notice of appeal does not designate the sentencing order in case number 46CR-14-183-1 or otherwise identify his conviction in that case, he has taken no appeal from that order. Therefore, our review is limited to the three rape convictions involving K.W. in case number 46CR-14-312-1, from which Mr. Perez has appealed and claims there was insufficient evidence.

Pursuant to Arkansas Code Annotated section 5-14-103(a)(3) (Repl. 2013), a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. "Deviate sexual activity" means any act of

SLIP OPINION

sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person. Ark. Code Ann. § 5-14-101(1)(A) (Repl. 2013).

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. When sufficiency is challenged on appeal from a criminal conviction, we consider only that proof that supports the verdict. *Davis v. State*, 2015 Ark. App. 234, 459 S.W.3d 821. We view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Draft v. State*, 2016 Ark. App. 216 __ S.W.3d __. We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Evidence is substantial if it is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without requiring resort to speculation or conjecture. *Id.* The weight of the evidence and credibility of the witnesses are matters for the fact-finder, not for the trial court on a directed-verdict motion or this court on appeal. *Simpkins v. State*, 2010 Ark. App. 723.

The victim, K.W., testified that he lived in the same neighborhood as Mr. Perez. Mr. Perez was friends with K.W.'s older brother. K.W. testified that, when he was ten or eleven years old, Mr. Perez molested him more than twenty times.

K.W. gave detailed accounts of several of the specific incidents. He testified that, the first time it happened, he was walking with his brother and Mr. Perez wanted to show him "something cool" and took him out to the woods. After talking to K.W. about sex, Mr. Perez threw K.W. to the ground and pulled down his pants and underwear. According to K.W., Mr. Perez then used some kind of liquid, put on a condom, and "put his pee-pee inside me" while Mr. Perez held his hand over K.W.'s mouth. K.W. wanted to tell

someone what had happened, but testified, "I was scared because I didn't know what could've happened if I snitched."

Several more incidents followed. K.W. testified that, on one occasion, Mr. Perez lured K.W. into his house and had anal sex with K.W. on his bed. On another occasion, Mr. Perez made K.W. give him oral sex behind a shed. Two more incidents of anal sex occurred when Mr. Perez molested K.W. on some old bleachers and then again out in the woods. K.W. stated that, after some of these incidents, Mr. Perez would give him gifts such as hats or necklaces. K.W. testified that the assaults finally ended when he refused to go outside anymore.

K.W. stated that he did not disclose these assaults to anyone until he and G.K. had gotten into trouble after getting caught filming two little girls with their pants down. As K.W. was being questioned about that incident, he "blurted out that [he] was molested by Juan and [he] was screaming because [he] was really mad and sad at the same time and it just all came out."

K.W. was subsequently interviewed at a children's advocacy center, where he disclosed the molestations to a forensic interviewer. K.W. acknowledged that, during the interview, he had told the interviewer that Mr. Perez had threatened to kill him if he told anyone about the abuse, which was not true. K.W. testified that he lied about that as an excuse for why he had not reported the abuse earlier. K.W., however, maintained that his accounts to the interviewer about being molested were truthful.

SLIP OPINION

G.K. testified about the one incident where he was raped by Mr. Perez. G.K. testified that it happened in Mr. Perez's bedroom, and that Mr. Perez used a lubricant and a condom. G.K. said that after it was over Mr. Perez gave him a hat and a necklace.

Kathy Lach, a registered nurse, performed a sexual-assault examination on K.W. Although Ms. Lach found no signs of any injury or trauma to K.W., she testified that she was not surprised by that because it was very rare to find trauma or injury in these types of cases.

In this appeal, Mr. Perez argues that there was insufficient evidence to support the jury's convictions for rape committed against K.W. Mr. Perez asserts that there were numerous inconsistencies in K.W.'s testimony, and that the jury failed to give proper weight to those inconsistencies or the motive for K.W. to fabricate a scapegoat to shift away focus from his misbehavior involving the young girls.

In support of his argument, Mr. Perez offers specific examples of K.W.'s inconsistent statements during his testimony. When describing the first episode of abuse, K.W. stated at one point that his brother was with him, and at another point stated he was not. Mr. Perez further asserts that K.W.'s testimony was inconsistent regarding the gifts he allegedly received after being molested. K.W. also gave varying testimony about whether it was his mother or sister who he first saw after being molested behind the shed, and as to what time of the year the assaults occurred. K.W. failed to report the alleged assaults until he was investigated for misconduct involving young girls, and after reporting the assaults he admittedly gave false information during an interview by stating that Mr. Perez had

threatened to kill him. In light of these discrepancies, Mr. Perez submits that the jury's finding that he committed the rapes was based on speculation.

We hold that there was sufficient evidence to support the jury's verdicts. It is well established that the uncorroborated testimony of the victim alone is sufficient to support a rape conviction. *Vance v. State*, 2011 Ark. App. 413. Moreover, inconsistencies in the testimony of a rape victim are matters of credibility for the jury to resolve, and it is within the province of the jury to accept or reject testimony as it sees fit. *Brown v. State*, 100 Ark. App. 172, 265 S.W.3d 772.

In this case, viewing the evidence in the light most favorable to the State, K.W.'s testimony was substantial evidence supporting Mr. Perez's convictions. K.W. testified that, when he was ten or eleven years old, he had been raped by Mr. Perez more than twenty times over the course of about a year. K.W. then proceeded to testify about several specific instances of penetration, which if believed by the jury, established the necessary elements of rape. Leaving credibility determinations to the jury, as we must, we conclude that appellant's rape convictions were supported by substantial evidence. Therefore, we affirm.

Affirmed.

ABRAMSON and GLOVER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., and *Garrett Morgan*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.