

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-16-1034

| | | |
|---|---|---|
| MONTY JAMES PAYNE | | **Opinion Delivered:** April 26, 2017 |
| | APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-13-106] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE GORDON WEBB, JUDGE |
| | APPELLEE | |
| | | AFFIRMED AS MODIFIED |

### MIKE MURPHY, Judge

Monty Payne was serving a five-year suspended sentence stemming from a 2013 guilty plea to breaking or entering (a Class D felony) and theft of property (a Class A misdemeanor) when a Boone County jury found him guilty of possession of methamphetamine and drug paraphernalia. The circuit court revoked Payne's suspension on the basis of these convictions and sentenced him to six years' imprisonment to run concurrent with the terms of imprisonment announced in case no. 05CR-15-79. Payne now appeals, arguing the revocation was in error because (1) there was insufficient evidence to support the convictions and (2) the State had failed to prove that Payne had received the written conditions of his suspended sentence. We affirm the sentences as modified.

To begin, we note that this is a companion case to *Payne v. State*, 2017 Ark. App. 264, also handed down today. The background, facts, and procedural history are set out in detail in that opinion and do not bear repeating here. In that appeal, as in this one, Payne

first challenges the sufficiency of the evidence to support his possession convictions. Because the revocation of Payne's suspended sentence was based on those possession convictions, it stands to reason that if there was not enough evidence to support those convictions, there is not enough evidence to support the revocation.

The standard of review for a challenge to the sufficiency of the evidence on appeal is different for convictions and revocations. To support a conviction, we review the evidence most favorable to the State for substantial evidence. *Perez v. State*, 2016 Ark. App. 291, 494 S.W.3d 431. In revocation proceedings, however, we look to see only if the trial court's decision to revoke is supported by a preponderance of the evidence. *Stinnett v. State*, 63 Ark. App. 72, 973 S.W.2d 826 (1998). Evidence is substantial if it is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Perez*, *supra*. On the other hand, a preponderance of the evidence is evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. *Meador v. State*, 10 Ark. App. 325, 664 S.W.2d 878 (1984). Thus, evidence that may not be sufficient to convict can be sufficient to revoke, due to the State's lower burden of proof. *Bradley v. State*, 347 Ark. 518, 521, 65 S.W.3d 874, 876 (2002).

In *Payne v. State*, 2017 Ark. App. 264, we reviewed the challenge to the sufficiency of the evidence using the higher standard and held it sufficient to support the convictions. For the reasons set out in CV-16-948, we affirm the circuit court's order on Payne's first point.

Payne next argues that, because there was no proof introduced at the revocation hearing that he had ever been supplied with written conditions of his suspended sentence, the court had no authority to revoke his suspension. He cites *Ross v. State*, where our supreme court reversed a revocation of a suspended sentence when there was no evidence introduced at the revocation hearing that the appellant, who had committed a crime, had violated a written condition of his suspended sentence. 268 Ark. 189, 594 S.W.2d 852 (1980). We are unable to reach this point, however, because Payne did not preserve it for our review. The State correctly notes that this argument was not presented to the trial court, and we are consequently unable to consider it for the first time on appeal. *See, e.g.*, *Whitener v. State*, 96 Ark. App. 354, 241 S.W.3d 779 (2006).

Finally, we note that, while it was not argued to this court, the circuit court's April 12, 2016 order is illegal on its face regarding the misdemeanor. The issue of an illegal sentence is an issue of subject-matter jurisdiction that this court may raise sua sponte, even if not raised on appeal and not objected to in the circuit court. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003); *Wright v. State*, 92 Ark. App. 369, 214 S.W.3d 280 (2005).

Arkansas Code Annotated section 16-93-308(d) provides that

[i]f a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation.

Payne's October 2013 sentencing order provided that he serve 60 months' suspended imposition of sentence for the felony charge and 12 months' suspended imposition of sentence for the misdemeanor. The sentences were to run concurrently; thus, the twelve-month sentence for the misdemeanor was completed before the State even filed its first

petition to revoke Payne's suspended sentence in December 2014. Consequently, the revocation of probation for the misdemeanor resulted in an illegal sentence.

The judgment is modified to delete the revocation and sentence for misdemeanor theft of property.

Affirmed as modified.

ABRAMSON and HIXSON, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.