

Cite as 2017 Ark. App. 263

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–16–948

| | |
|---|---|
| | Opinion Delivered: April 26, 2017 |
| MONTY JAMES PAYNE<br>APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR–15–79] |
| V. | |
| | HONORABLE GORDON WEBB, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Monty Payne was convicted by a jury of possession of methamphetamine and possession of drug paraphernalia. On appeal, Mr. Payne challenges the sufficiency of the evidence to support his convictions. Alternatively, Mr. Payne contends that the trial court erred in denying his posttrial motion for a new trial. We affirm.

When sufficiency is challenged on appeal from a criminal conviction, we consider only that proof that supports the verdict. *Perez v. State*, 2016 Ark. App. 291, 494 S.W.3d 431. We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Id.* We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Evidence is substantial if it is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* The weight of the evidence and credibility of the witnesses are matters for the factfinder. *Simpkins v. State*, 2010 Ark. App. 723.

SLIP OPINION

On March 15, 2015, Monty Payne was driving his truck on Highway 7 in Boone County. Donald Miller was riding as a passenger in the front seat of appellant's truck.

Officer Gene Atwell of the Boone County Sheriff's Department was patrolling that day. Officer Atwell stopped Mr. Payne's truck after he saw the truck swerve left of the center line. During the stop, Officer Atwell found a glass pipe and a baggie containing a white powdery substance on the ground on the passenger's side of the truck. Officer Atwell testified that he field tested the powdery substance and that it was positive for methamphetamine. The baggie was later sent to the crime lab, where a chemical test showed that it contained 0.3448 grams of methamphetamine.

Officer Atwell was wearing a body camera and the traffic stop was recorded. On the recording, Mr. Payne told Officer Atwell that he did not have any drugs in the truck, and he denied throwing anything out the window. Mr. Miller also denied throwing anything out the window, and he told Officer Atwell that as they were being pulled over Mr. Payne had thrown a pipe out the window.

With Mr. Payne's consent, Officer Atwell ran his drug dog through the truck and the dog alerted near the front driver's-side door. Officer Atwell conducted an inventory search but did not find any more drugs. However, at the time the truck was being loaded on to the wrecker to be towed, Mr. Miller advised Officer Atwell that Mr. Payne had popped the driver's-side door panel off, shoved something into the door paneling, and then popped it back on.

Officer Jason Brisco obtained a written waiver from Mr. Payne to search the truck in the impound yard on the following day. During his search of the vehicle, Officer Brisco

found two baggies containing white residue and two syringes located in the driver's door between the door panel and the metal outer frame. According to Officer Brisco, one of the syringes appeared to have blood on it and the other appeared to have been just used. Officer Brisco testified that based on his experience the syringes were items of drug paraphernalia. Officer Brisco indicated that the residue in the baggies appeared to be methamphetamine and that it field-tested positive for methamphetamine.

Donald Miller testified as a defense witness. Mr. Miller stated that, as they were being stopped by the police, Mr. Payne was throwing items out the passenger's window. Mr. Miller stated that he did not throw anything out the window. Mr. Miller also indicated that Mr. Payne had hidden some items in the driver's-side door panel.

On cross-examination, Mr. Miller testified that he had smoked methamphetamine with Mr. Payne on several occasions using the pipe that was seized by the police. Mr. Miller stated that the pipe was not his, and that he believed that it belonged to Mr. Payne. Mr. Miller testified that he had not been charged in relation to this incident and that he was not promised anything in exchange for his testimony.

In this appeal, Mr. Payne challenges the sufficiency of the evidence to support his convictions for possession of methamphetamine and possession of drug paraphernalia. Pursuant to Arkansas Code Annotated section 5-64-419(a) and (b)(1)(A) (Repl. 2016), it is a Class D felony to possess less than two grams of a controlled substance that is methamphetamine. Pursuant to Arkansas Code Annotated section 5-64-443(a)(2), it is a Class D felony to possess drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body methamphetamine.

Mr. Payne argues that there was insufficient evidence that he committed either of these offenses because there was a lack of proof that he was in possession of methamphetamine or that any of the items seized by the police were drug paraphernalia. Mr. Payne asserts that the only item sent to the crime lab was the baggie of white powder that had been thrown from the truck, and that although the powder was positive for methamphetamine, there was an issue as to its ownership and it was found on the passenger's side as opposed to Mr. Payne's side of the vehicle. Mr. Payne further contends that because none of the other seized items were tested at the crime lab to establish their identity, or whether the pipe had actually been used to ingest controlled substances, none of those items could support either conviction.

It is not necessary for the State to prove literal physical possession of contraband in order to prove possession. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). Rather, possession may be proved by constructive possession, which is the control or right to control the contraband. *Id.* On this record, we hold that there was substantial evidence that Mr. Payne was in possession of both methamphetamine and drug paraphernalia.

The evidence viewed in the light most favorable to the State established that, upon being pursued by the police for a minor traffic infraction, Mr. Payne began frantically tossing and hiding items in an attempt to conceal them from the police. According to Mr. Miller, Mr. Payne threw some things out the passenger's side window, which were recovered by the police during the stop. These items included a baggie containing a small amount of methamphetamine as well as a pipe. Mr. Miller testified that the pipe was not his, that he believed it belonged to Mr. Payne, and that they had both used the pipe to smoke

methamphetamine on multiple occasions. Pursuant to Arkansas Code Annotated section 5-64-101(12)(B)(xii)*(a)*, "drug paraphernalia" includes an object used in inhaling a controlled substance, such as a pipe. Arkansas Code Annotated section 5-64-101(12)(C)(iv) provides that, in determining whether an item is "drug paraphernalia," the proximity of the object to a controlled substance is a relevant factor to consider. In this case the pipe was located with the methamphetamine found outside Mr. Payne's truck, and there was testimony that Mr. Payne was in control of these items and threw them out the window. Therefore, we conclude that there was substantial evidence beyond speculation or conjecture that Mr. Payne was in possession of methamphetamine and drug paraphernalia.

Mr. Payne also argues on appeal that the trial court erred in denying his motion for a new trial. After the jury returned its guilty verdicts, but before the sentencing order was formally entered, Mr. Payne filed a motion for a new trial pursuant to Arkansas Rule of Criminal Procedure 33.3 and Arkansas Code Annotated section 16-89-130. Mr. Payne's motion was based on his claim that Donald Miller had recanted portions of his testimony at trial, and that this recantation of testimony constituted newly discovered evidence that had impacted the outcome of the trial. Attached to appellant's motion was a recording of a posttrial conversation between appellant's counsel and Mr. Miller, which was recorded at the jail, wherein Mr. Miller stated that had he lied at trial about the pipe and methamphetamine found outside the truck belonging to Mr. Payne, and that in fact these items belonged to him. In that same conversation, Mr. Miller denied ownership of the contraband Mr. Payne had hidden in the door panel.

SLIP OPINION

The trial court held a hearing on appellant's motion for new trial. At the hearing, Mr. Payne testified that, after he was convicted, he was sharing a jail cell with Mr. Miller and that Mr. Miller approached him, stated that he had lied at trial, and asked to speak with Mr. Payne's attorney. Mr. Miller also testified at the hearing on appellant's motion for new trial, and he admitted having a recorded conversation with appellant's attorney while he was in jail, but he denied that he had asked to speak with appellant's counsel. Instead, Mr. Miller stated that he was asked to speak with appellant's counsel. At the hearing, Mr. Miller invoked his Fifth Amendment right against self-incrimination and refused to recount any details of his conversation with appellant's counsel. At the conclusion of the hearing, the trial court denied Mr. Payne's motion for new trial, finding that the circumstances surrounding the newly discovered evidence were totally lacking in credibility.

Mr. Payne now argues that this ruling by the trial court was erroneous. He contends that he should have been afforded a new trial because it was likely that the recanted testimony was pivotal to the jury's deliberations and its subsequent guilty verdicts.

In *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996), our supreme court stated that newly discovered evidence is the least favored ground for a new trial motion. When a new trial is denied on this ground, we will reverse only for an abuse of discretion. *Misskelley*, *supra*. To prevail, the appellant must show that the new evidence would have impacted the outcome of his case, and that he used due diligence in trying to discover the evidence. *Id*. Moreover, a trial court's factual determinations on a motion for new trial will not be reversed unless clearly erroneous, and the issue of witness credibility is for the trial court to weigh and assess. *Smart v. State*, 352 Ark. 522, 104 S.W.3d 386 (2003).

SLIP OPINION

Under the circumstances presented in this case, we hold that there was no abuse of discretion in the trial court's denial of Mr. Payne's motion for a new trial. Mr. Miller testified at Mr. Payne's trial only because he was called as a defense witness. Mr. Miller's testimony at trial was consistent with what he had told the police at the scene of the investigation. Both at trial and in his posttrial recorded conversation with appellant's counsel, Mr. Miller consistently stated that he had smoked methamphetamine with Mr. Payne many times using the pipe that was found outside of Mr. Payne's truck. He also consistently denied ownership of the contraband found in the door paneling. At the hearing on appellant's new-trial motion, Mr. Miller testified that he had spoken with appellant's counsel at the jail only because he was asked to speak with him, and at the hearing he invoked his Fifth Amendment right against self-incrimination, refusing to discuss the details of that conversation. Even if it could be said that there was a recantation on the part of a witness, it is the duty of the trial court to deny a new trial where it is not satisfied that the recanting testimony is true, especially where it involves a confession of perjury. *Cooper v. State*, 246 Ark. 368, 438 S.W.2d 681 (1969). Here, the trial court did not believe that Mr. Miller's recantation was truthful. The question of whether a new trial is granted on this ground depends on all the circumstances of the case including the testimony of the witnesses submitted on the motion for new trial, and the answer lies largely within the discretion of the trial court. *Id.* We conclude that the trial court in this case committed no

error in finding that the recantation of testimony lacked credibility and that Mr. Payne failed

to present sufficient grounds to support his request for a new trial.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.