Cite as 2026 Ark. App. 295

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-391

| | |
|---|---|
| | Opinion Delivered May 13, 2026 |
| DONALD DAVIDSON | APPEAL FROM THE HOT SPRING |
| APPELLANT | COUNTY CIRCUIT COURT [NO. 30CR-23-175] |
| V. | |
| | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; REMANDED FOR CORRECTION OF SENTENCING ORDER |

**BART F. VIRDEN, Judge**

A Hot Spring County jury convicted appellant Donald Davidson of one count of second-degree sexual assault and three counts of rape. He was sentenced as a habitual offender to an aggregate term of eighty-five years' imprisonment. On appeal, he challenges the sufficiency of the evidence as to each of the rape convictions.[1] We affirm but remand for correction of the sentencing order to reflect Davidson's habitual-offender status.

I. *Background*

---

[1]Davidson does not challenge the sufficiency of the evidence supporting his conviction for second-degree sexual assault.

Only a brief recitation of the testimony from Davidson's trial is necessary because his challenge to the sufficiency of the evidence is not preserved. In June 2023, MV1 was arrested following a physical and verbal altercation with Davidson. While in custody, MV1 disclosed to law enforcement that Davidson had sexually abused him as a child. Lieutenant Glen Pye with the Hot Spring County Sheriff's Department testified that his investigation into MV1's allegations revealed other possible victims.

On October 11, 2023, the State charged Davidson with committing rape[2] and sexual assault as to MV1 between 1990 and 2001 when he was under the age of fourteen; rape and sexual assault as to MV2 between 1989 and 2001 when she was under the age of fourteen; and rape as to MV3 between 2008 and 2011 when she was under the age of fourteen.

The testimony at trial revealed that MV1 and MV2, now adults, are the much younger siblings of Davidson's wife, Kathy. Lillian Kennerly, Kathy, MV1, and MV2's mother, lived next door to Davidson and permitted Davidson and Kathy to babysit MV1 and MV2 when they were very young. Even after MV1 and MV2 told Kennerly that Davidson was abusing them, Kennerly continued to allow Davidson to have access to MV1 and MV2 because she said that she did not want to "break up" her family.

---

[2]A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (1987 & Repl. 2006). "Deviate sexual activity" means any act of sexual gratification involving the penetration, however slight, of the anus or mouth of a person by the penis of another person; or the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1)(A) (1987 & Repl. 2006).

MV1 and MV2 testified that Davidson, their brother-in-law, would take each of them on drives and allowed them to sit on his lap and steer the vehicle while he fondled their genitalia. They also testified that Davidson played hide-and-seek with both of them and that, when he would find one of them, he would perform oral sex on that child. MV1 further testified that, as a teenager, Davidson performed oral sex on him and, on one occasion, sedated him and digitally penetrated his anus. MV3, Davidson's niece—now an adult—testified that she was childhood friends with Davidson's daughter, Ariel, and often spent the night with her. MV3 said that Ariel preferred to sleep in the bed with Davidson and Kathy, so MV3 slept there as well. MV3 testified that on one occasion, she awoke in the middle of the night to find Davidson wetting his fingers and then touching her vagina.

The State also presented testimony from three witnesses, who were adults at the time of trial, that Davidson touched them inappropriately when they were prepubescent children and that the abuse often occurred during drives or while Davidson was playing with them. The State then rested. Defense counsel moved for dismissal and directed verdict, which were denied, except with respect to one count of second-degree sexual assault as to MV2.

Davidson called Ariel and Kathy to testify on his behalf. They disputed much of what the State's witnesses had said. Defense counsel then renewed his motions for dismissal and directed verdict, and they were again denied. The jury returned a guilty verdict, and Davidson was sentenced to imprisonment: twenty-five years for the rape of MV1; ten years for the second-degree sexual assault of MV1; twenty-five years for the rape of MV2; and twenty-five

years for the rape of MV3. Davidson brings this appeal, challenging only the rape convictions.

## II. *Discussion*

On appeal, Davidson argues that MV1, MV2, and MV3 were not credible witnesses; however, Davidson did not raise this argument in his directed-verdict motions below. A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Herrington v. State*, 2025 Ark. App. 316, 717 S.W.3d 536. A directed-verdict motion shall state the specific grounds therefor. Ark. R. Crim. P. 33.1(a). The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(c). Moreover, a party cannot enlarge or change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Weir v. State*, 2023 Ark. App. 368, 675 S.W.3d 430.

In his directed-verdict motions at trial with respect to MV1 and MV3, defense counsel said that neither victim had been penetrated "in any way, shape, or form." As for MV2, defense counsel moved to dismiss the rape charge on ex post facto grounds. Davidson has clearly changed the grounds for his sufficiency-of-the-evidence challenge and now points to the credibility of the victims; however, arguments not raised at trial will not be addressed for the first time on appeal. *See King v. State*, 2018 Ark. App. 309.

Even if we were to consider Davidson's argument that MV1, MV2, and MV3 were not credible witnesses, Davidson would not prevail. We will affirm a conviction if there is

substantial evidence to support it. *Herrington*, *supra*. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, considering only the evidence that supports the guilty verdict. *Id.* Witness credibility is an issue for the fact-finder. *Roberts v. State*, 2024 Ark. App. 143, 686 S.W.3d 69.

Davidson asserts that MV1 and MV3 were not credible because of inconsistencies in their testimony. According to Davidson, MV1's testimony was contradicted by MV2 in that MV1 suggested that he and MV2 were together when they were abused, but MV2 clearly testified that MV1 was not present when she was touched inappropriately. As for MV3, Davidson argues that her testimony cannot be believed because she continued to come to his home and stay the night in his bed after he allegedly raped her. Also, he asserts that MV3's testimony is contradicted by the testimony of Kathy and Ariel.

MV1, MV2, and MV3 testified in great detail to deviate sexual activity perpetrated on them by Davidson. It is well established that the uncorroborated testimony of the victim alone is sufficient to support a rape conviction. *Perez v. State*, 2016 Ark. App. 291, 494 S.W.3d 431. Inconsistencies in the testimony of a rape victim are matters of credibility for the jury to resolve, and it is within the province of the jury to accept or reject testimony as it sees fit. *Id.* We will disregard testimony that the fact-finder has found to be credible only if it is so inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ about it. *Lowe v. State*, 2016 Ark. App. 389, 500 S.W.3d 176. There was nothing inherently improbable or physically impossible about what MV1, MV2, and MV3 testified to, and their accounts of what happened to them were not so clearly

5

unbelievable that reasonable minds could not differ about it. Accordingly, we affirm Davidson's rape convictions.

Affirmed; remanded for correction of sentencing order.

ABRAMSON and HARRISON, JJ., agree.

*The Cannon Law Firm, PLC*, by: *David R. Cannon*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Mallory Wood*, Ass't Att'y Gen., for appellee.