2015 Ark. App. 234

**Robert Lavelle DAVIS, Appellant**

**v.**

**STATE of Arkansas, Appellee**

**No. CR–14–859**

Court of Appeals of Arkansas, DIVISION II.

Opinion Delivered April 15, 2015

William R. Simpson, Jr., Public Defender, Colleen Barnhill, Deputy Public Defender, by: Margaret Egan, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by: Laura Kehler Shue, Ass't Att'y Gen., and Matthew Rowland, Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of Darnisa Evans Johnson, Deputy Att'y Gen., for appellee.

## M. MICHAEL KINARD, Judge

Robert Lavelle Davis appeals from his convictions at a bench trial of residential burglary and second-degree assault on a family or household member, for which he was sentenced as a habitual offender to concurrent fifteen-year and one-year terms of imprisonment. He contends that the evidence is insufficient to support the burglary conviction and that the sentence imposed for the assault conviction was illegal. We affirm the burglary conviction and modify appellant's sentence for the assault.

A person commits residential burglary if he enters or remains unlawfully in a residential structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Code Ann. § 5–39–201(a)(1) (Repl. 2013). Both entry into a structure and a specific intent to commit an offense punishable by imprisonment are essential elements of burglary. *Clayton v. State*, 2011 Ark. App. 692, 2011 WL 5563189. A person acts "purposely" with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause the result. Ark. Code Ann. § 5–2–202(1) (Repl. 2013).

When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we consider only that proof that supports the conviction, *Singleton–Harris v. State*, 2014 Ark. App. 436, 439 S.W.3d 720, and view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Davis v. State*, 2011 Ark. App. 261, 378 S.W.3d 873. We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other without requiring resort to speculation or conjecture. *Hicks v. State*, 2012 Ark. App. 667, 2012 WL 5949103. Criminal intent or purpose can seldom be proved by direct evidence and must usually be inferred from the circumstances. *Adams v. State*, 2014 Ark. App. 308, 435 S.W.3d 520; *Washington v. State*, 268 Ark. 1117, 599 S.W.2d 408 (Ark.App.1980). Circumstantial evidence may constitute substantial evidence to support a conviction if the evidence excludes every reasonable hypothesis other than that of the guilt of the accused. *Porter v. State*, 2012 Ark. App. 139, 2012 WL 474505. The finder of fact need not lay aside its common sense in determining criminal intent. *Adams, supra.* The question of whether the circumstantial evidence excludes every reasonable hypothesis consistent with innocence is for the fact-finder to decide; on review, we must determine whether the fact-finder had to resort to speculation and conjecture to reach its decision. *Porter, supra.*

The victim in this case is appellant's ex-wife. She had previously been granted an order of protection against appellant, which was still in effect and which prohibited him from initiating any contact with her or her children and excluded him from her home and its immediate vicinity. At around 12:30 a.m. on October 5, 2013, the victim was awakened by a loud noise at the back of her home. She went to investigate and yelled out that she was calling the police. Appellant answered, "Well, call the police 'cause I'm already in here." As the victim was dialing 911, she saw appellant, who had pried off a screen and broken in through a back bedroom window. Appellant then chased the victim through the house, trying to take away the telephone. The victim told appellant to leave, but he did not. After the 911 operator came on the line, appellant said to the victim, "I got a warrant, and you know I got a warrant, and I might as well go ahead and kick your ass since I'm going to go to jail." Appellant started hitting the victim with his fists and kicking her. Appellant then left the house and fled through the backyard. All of this happened in a very short period of time.

Appellant first contends that his burglary conviction should be reversed because there is no substantial evidence to support the finding that he entered the residence with the purpose of committing an offense punishable by imprisonment. We disagree. While it is true that specific criminal intent to commit an additional crime cannot be presumed from the mere illegal entry into an occupiable structure, *Stephens v. State*, 2010 Ark. App. 363, 2010 WL 1709984, this record contains much more than simply proof of appellant's illegal entry. Viewing the evidence in the light most favorable to the State, appellant violently broke into the home of his ex-wife after midnight, chased her down the hallway, tried to prevent her from being able to call for help, verbally threatened her safety, and immediately thereafter physically beat her. All of these actions occurred within moments of one another, and all were done in violation of an order of protection. We hold that these circumstances are plainly sufficient to have allowed the trial court to reasonably infer, without resort to speculation or conjecture, that appellant entered the victim's home with the purpose of assaulting her.

We note that, under this same point for appeal, appellant includes the following one-sentence statement: "Moreover, that the correlating crime was one which only required reckless conduct makes the 'purpose to commit a crime' even more questionable." This argument is not developed further, and no authority is cited in support of it. We need not address points for appeal that are not supported by either convincing argument or citation to authority. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5.[1]

1. It appears that appellant's statement may relate to the fact that second-degree assault against a family member was charged as the offense that he intended to commit upon entering the victim's home. That offense is committed if one "*recklessly* engages in conduct that creates a substantial risk of physical injury to a family or household member." Ark.Code Ann. § 5–26–308(a) (Repl. 2013) (emphasis added). To the extent that appellant is arguing that he could not be convicted of burglary because proof of "reckless" conduct is insufficient to show that he acted with criminal "purpose" as required under the burglary statute, we would find no error. When a statute defining an offense provides that acting recklessly suffices to establish an element of that offense, such as is the case with section 5–26–308(a), the element is also established if a person acts purposely or knowingly. Ark.Code Ann. § 5–2–203(c)(2) (Repl. 2013). Here, as stated above, there was substantial evidence that appellant entered the home with the purpose of assaulting the victim.

Appellant next contends that the trial court erred in sentencing him to one year of imprisonment for the assault conviction. The State concedes error on this point, and we ⌊₅agree. Second-degree assault on a family member is a Class "B" misdemeanor, Ark.Code Ann. § 5–26–308(b) (Repl. 2013), for which the sentence shall not exceed ninety days. Ark.Code Ann. § 5–4–401(b)(2) (Repl. 2013). Appellant's sentence for the assault is modified to ninety days, to be served concurrently with his fifteen-year sentence for the burglary. *See Hart v. State*, 2014 Ark. 250, 2014 WL 2465343 (the appellate court may correct an illegal sentence in lieu of reversing and remanding for resentencing); Ark. Code Ann. § 5–4–403(c)(1) (Repl. 2013) (sentences to imprisonment for a misdemeanor and for a felony shall run concurrently, and both sentences are satisfied by service of sentence for a felony).

Affirmed in part; affirmed as modified in part.

Glover and Hixson, JJ., agree.