

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–15–708

| | | |
|---|---|---|
| ROBERT DRAFT | | **Opinion Delivered** April 20, 2016 |
| | APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. CR–2014–206] |
| V. | | |
| | | HONORABLE ROBERT EDWARDS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Robert Draft appeals from his conviction of second-degree murder, for which he was sentenced to thirty years' imprisonment plus a fifteen-year enhancement, due to his use of a firearm in committing the offense, to be served consecutively. He contends that the evidence is insufficient to support the finding of guilt. We affirm.

On May 18, 2014, appellant became angry at his wife and beat her badly both with his hands and with the butt of a shotgun. She managed to escape and drove approximately 200 yards up a gravel driveway to her parents' home. Mrs. Draft's mother then drove Mrs. Draft to the hospital emergency room. Mrs. Draft's father, Douglas Cloyes, remained at his home. Appellant then drove his truck, with a loaded .223-caliber semi-automatic rifle, to the Cloyeses' home. Mr. Cloyes was standing near the gravel driveway, and appellant parked his truck in the grass between Mr. Cloyes and the house. According to appellant, Mr. Cloyes began shooting at him. Appellant testified that he then reached back into his truck,

grabbed his rifle, and began firing at Mr. Cloyes. Mr. Cloyes was hit by five rounds from appellant's rifle and died as a result. Appellant returned to his home, gathered some money and a telephone, disassembled the rifle and threw it in a river, and drove to Michigan. A .22-caliber pistol was found under Mr. Cloyes's body, and three spent .22 cartridges were found nearby. At least thirteen spent .223 cartridges were found approximately sixty-five feet from the body, at the site of truck-tire tracks in Mr. Cloyes's yard.

Appellant was charged with first-degree murder in the death of his father-in-law and second-degree battery in the beating of his wife. After a jury trial, he was convicted of the lesser-included offense of second-degree murder and second-degree battery. As to second-degree murder, appellant moved for a directed verdict of acquittal on the following grounds: "[T]he State has failed again to provide any evidence that [appellant] caused the death of Mr. Cloyes and, if they did so, they did not prove that [appellant] did so knowingly." The motion was denied both at the close of the State's case and again at the close of all of the evidence.

On appeal, appellant challenges only the murder conviction, arguing that the trial court erred in denying his motion for a directed verdict of acquittal. He has abandoned the argument that he did not kill Mr. Cloyes. However, he continues to argue that there is no substantial evidence to support the finding that he "knowingly" caused the death.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. Where sufficiency is challenged on appeal from a criminal conviction, we consider only that proof that supports the verdict.

SLIP OPINION

*Davis v. State*, 2015 Ark. App. 234, 459 S.W.3d 821. We view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Id.* We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Evidence is substantial if it is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without requiring resort to speculation or conjecture. *Id.* While it is true that circumstantial evidence is insufficient if it leaves the jury solely to speculation and conjecture, the fact that evidence is circumstantial does not necessarily render it insubstantial. *Simpkins v. State*, 2010 Ark. App. 723. Circumstantial evidence is sufficient if it excludes every other reasonable hypothesis consistent with innocence. *Id.* Whether the circumstantial evidence excludes every reasonable hypothesis consistent with innocence is for the fact-finder to decide; on review, we must determine whether the fact-finder had to resort to speculation and conjecture to reach its decision. *Davis*, *supra.* The weight of the evidence and credibility of the witnesses are matters for the fact-finder, not for the trial court on a directed-verdict motion or this court on appeal. *Simpkins*, *supra.*

A person commits murder in the second degree if he knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1) (Repl. 2013). A person acts "knowingly" with respect to his conduct when he is aware that it is practically certain that his conduct will cause the result. Ark. Code Ann. § 5-2-202(2)(B) (Repl. 2013). A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be

inferred from the circumstances of the crime. *Satterfield v. State*, 2014 Ark. App. 633, 448 S.W.3d 211. Such circumstances can include the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds inflicted. *Id*. Conduct of the accused following the crime, such as flight or concealment or destruction of evidence, is also relevant and properly considered as evidence of consciousness of guilt. *Id*. Moreover, because of the difficulty in ascertaining one's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his acts. *Id*.

Here, appellant admitted at trial that he had beaten his wife. He then drove his truck, containing a loaded rifle, the short distance to his in-laws' home. During a confrontation with his father-in-law, appellant took the rifle and shot it at his father-in-law from a distance of approximately sixty-five feet. Appellant admitted that he pulled the trigger at least thirteen times. He does not dispute that five of those shots hit the victim and caused his death. Thereafter, appellant returned to his house, gathered some money and his phone, and fled to Michigan, taking the rifle apart and throwing it in a river along the way. We conclude that this evidence is more than adequate to support the jury's finding that appellant knowingly caused the victim's death.

To the extent that appellant argues that the evidence is insufficient to negate the conclusion that he acted in self-defense, we do not address the issue because it was not preserved for appeal. In order to preserve for appeal any argument pertaining to the sufficiency of the evidence to support a jury verdict in a criminal case, the defendant must make a specific motion for a directed verdict of acquittal at the close of the evidence

presented by the prosecution and again at the close of all of the evidence. Ark. R. Crim. P. 33.1(a) & (c). The motion must advise the trial court of the exact element that the defendant contends the State has failed to prove. *Rodriguez-Gonzalez v. State*, 2014 Ark. App. 208. The failure to make the challenge at the times and in the manner required by the rule will constitute a waiver of any question pertaining to the sufficiency of the evidence. Ark. R. Crim. P. 33.1(c).

In general, a statutory justification is a defense to conduct that would otherwise constitute an offense. *See, e.g.*, Ark. Code Ann. §§ 5-4-602; -603(a); -604(a); -605 (Repl. 2013). Arkansas Code Annotated section 5-2-607(a) (Repl. 2013) provides that the use of deadly physical force in defense of a person is justified in certain circumstances. Justification becomes a defense when any evidence tending to support its existence is offered to support it. *Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003). By statute, a justification, such as self-defense, is considered an element of the offense and, once raised, must be disproved by the prosecution beyond a reasonable doubt. *Id.*; *Metcalf v. State*, 2011 Ark. App. 55.

Here, at the close of the State's case, appellant made the following motion for a directed verdict as to the homicide charge:

> At this time, the defense would move for a directed verdict dealing with the murder in the first [degree] . . . . [W]e believe the State has failed to provide substantial evidence . . . that [appellant] caused the death of Mr. Cloyes. Even if they have proven that, they have not shown that he did so with the purpose of causing his death. . . . [W]ith regard to . . . murder in the second, the lesser, we would move and argue that the State has failed again to provide any evidence that [appellant] caused the death of Mr. Cloyes and, if they did so, they did not prove that he did so knowingly . . . .

Appellant's motion followed this same pattern for the additional lesser-included offenses of

manslaughter and negligent homicide. At the close of all of the evidence, appellant "renew[ed]" his earlier motions for directed verdict "as if I had restated them all verbatim right here." At no time did appellant argue self-defense as justification for his actions as part of his directed-verdict motions. Therefore, any challenge to the sufficiency of the evidence to negate the defense of self-defense was not preserved for appeal. *Lee v. State*, 2010 Ark. App. 15.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., and *Garrett Morgan*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.