Cite as 2019 Ark. App. 391

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-196

| | |
|---|---|
| | **Opinion Delivered** September 18, 2019 |
| JAMES RONALD THOMPSON | APPEAL FROM THE DESHA |
| | COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 21ACR-17-79] |
| V. | HONORABLE SAM POPE, |
| | JUDGE |
| STATE OF ARKANSAS | AFFIRMED |
| APPELLEE | |

**LARRY D. VAUGHT, Judge**

James Ronald Thompson appeals from his conviction of second-degree battery and aggravated residential burglary for which he was sentenced to six years' and ten years' imprisonment, respectively, to be served consecutively, along with $20,000 in restitution. He contends that the evidence is insufficient to support his convictions because the State failed to negate his justification of self-defense. Because his argument is not preserved for appeal, we affirm.

On August 4, 2017, Thompson severely beat James Burk in his home after Burk had shot Thompson with a pellet rifle. Thompson and Burk are neighbors and had been friends for approximately sixteen years prior to the altercation. There is a dispute about how the altercation began.

Burk testified that he owed Thompson eighty dollars. He said that on the night of August 4, he was asleep when the window air-conditioning unit in his home came crashing inside the house. Burk said he saw Thompson standing outside, and the two were "mouthing" at each other. Burk told Thompson if he came inside, Burk would shoot him. Burk said Thompson broke down the front door and came inside, so Burk shot Thompson. Burk tried to reload the rifle, but Thompson wrestled it away and began beating Burk with it. At some point, Thompson stopped and took Burk to the hospital. Burk suffered a nondisplaced fracture to his sternum, considerable swelling to his face due to a broken upper and lower jaw, a broken nasal bone, and a severe injury to his right eye.

Thompson testified that Burk owed him eighty dollars and told him (Thompson) to come to Burk's house to get it. Thompson said when he arrived, Burk would not answer the door. Thompson started to leave when Burk opened the front door, ran out, pointed a rifle at Thompson, and screamed at him. Thompson said he walked toward Burk, and when he was about two to three feet away, Burk shot him in the neck. Thompson said he thought Burk was going to shoot again, so Thompson tackled Burk, they fell over into the house, and Thompson tried to get the rifle. Thompson said he hit Burk at most four times with his hand. When he saw that Burk was not fighting back, Thompson stopped hitting Burk, helped him to his truck, and Thompson drove Burk to the hospital.

Thompson was charged with first-degree battery and aggravated residential burglary. At trial, he raised the defense of justification. The jury convicted Thompson of the lesser-included offense of second-degree battery and aggravated residential burglary. On appeal, Thompson argues that the evidence is insufficient to support his convictions.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Draft v. State*, 2016 Ark. App. 216, at 2, 489 S.W.3d 712, 714. When sufficiency is challenged on appeal from a criminal conviction, we consider only that proof that supports the verdict. *Id.* at 2–3, 489 S.W.3d at 714. We view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Id.* at 3, 489 S.W.3d at 714. We will affirm if the finding of guilt is supported by substantial evidence. *Id.*, 489 S.W.3d at 714. Evidence is substantial if it is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without requiring resort to speculation or conjecture. *Id.*, 489 S.W.3d at 714. The weight of the evidence and credibility of the witnesses are matters for the fact-finder not for the circuit court on a directed-verdict motion or this court on appeal. *Id.*, 489 S.W.3d at 714.

Thompson admits that he beat Burk, but he contends that he acted in self-defense and that the State failed to negate his justification of self-defense. He argues that there was only one weapon involved in the incident, and it was undisputedly used by Burk, who was the initial aggressor and who shot Thompson in the neck; there was blood on the front porch, which established that the incident began outside; Thompson used just enough force to end the incident; and Thompson drove Burk to the hospital.

Arkansas Code Annotated section 5-2-607(a) (Supp. 2017) provides that the use of deadly physical force in defense of a person is justified in certain circumstances. Justification becomes a defense when any evidence tending to support its existence is offered to support it. *Draft*, 2016 Ark. App. 216, at 5, 489 S.W.3d at 715. By statute, a justification, such as self-

3

defense, is considered an element of the offense and, once raised, must be disproved by the prosecution beyond a reasonable doubt. *Id.*, 489 S.W.3d at 715.

We cannot address Thompson's argument that the evidence is insufficient to negate the conclusion that he acted in self-defense because it was not preserved for appeal. In order to preserve for appeal any argument pertaining to the sufficiency of the evidence to support a jury verdict in a criminal case, the defendant must make a specific motion for a directed verdict of acquittal at the close of the evidence presented by the prosecution and again at the close of all of the evidence. *Id.* at 4–5, 489 S.W.3d at 715 (citing Ark. R. Crim. P. 33.1(a) & (c)). The motion must advise the circuit court of the exact element that the defendant contends the State has failed to prove. *Id.* at 5, 489 S.W.3d at 715. The failure to make the challenge at the times and in the manner required by the rule will constitute a waiver of any question pertaining to the sufficiency of the evidence. *Id.*, 489 S.W.3d at 715 (citing Ark. R. Crim. P. 33.1(c)).

At the close of the State's evidence and again at the close of all the evidence, counsel for Thompson moved for directed verdict, arguing:

> I would like to move the case to be dismissed for the State failing to sufficiently, I am sorry, allege[] the facts, specifically serious physical injury. I think the evidence on protracted disfigurement, protracted impairment of health and protracted impairment of any bodily function was lacking as required under the battery one and aggravated residential burglary.

Thompson's directed-verdict motion to the circuit court did not mention self-defense or the elements of self-defense the State failed to negate.

In *Draft*, one of the issues on appeal was whether the State's evidence was insufficient to negate the conclusion that he acted in self-defense. *Id.* at 4, 489 S.W.3d at 715. We held that the issue was not preserved for appeal because "[a]t no time did appellant argue self-defense

4

as justification for his actions as part of his directed-verdict motions." *Id.* at 6, 489 S.W.3d at 716.

Based on *Draft* and Arkansas Rule of Criminal Procedure 33.1(a) & (c), we hold that Thompson's sufficiency argument is not preserved for appeal.

Affirmed.

VIRDEN and SWITZER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.