Cite as 2020 Ark. App. 96

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–19–456

| | |
|---|---|
| CONTRELL HENDERSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 12, 2020<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-589]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

A Saline County jury convicted appellant Contrell Henderson of third-degree battery and sentenced him to twelve months in the county jail.[1] Contrell argues that the circuit court erred in denying his motion for a directed verdict. We affirm.

## I. *Trial Testimony*

The following is a summary of the testimony presented at Contrell's jury trial. On December 1, 2017, Contrell began arguing with his wife, Jes'Semma Henderson, after she found text messages from another woman on Contrell's cell phone. Contrell grabbed Jes'Semma's arm, but she jerked it away and began walking down the hallway. Jes'Semma said that Contrell then jumped on her and began choking her. Jes'Semma broke free and

---

[1]This was an appeal from district court, Case No. S-2018-76; however, the circuit court's sentencing order mistakenly indicates that it was not.

ran out of the house. Her neighbors were getting into their car when they heard screaming. Jes'Semma ran toward their driveway, yelling for them to call the police because Contrell was pursuing her. Contrell tackled his wife, bashed her head against the concrete, and began choking her again.

Eduardo Grajeda, a patrol deputy with the Hot Springs Village Police Department, said that he did not initially observe any physical injuries on Jes'Semma. As she was leading him through the house explaining how the incident occurred, Grajeda noticed fresh blood coming from Jes'Semma's ear. She seemed surprised and frightened when Grajeda told her what he observed. Jes'Semma testified that the next day she had bruising in the shape of a handprint on each side of her neck.

Leah Redmon, Saline County District Court clerk, read excerpts from the transcript of the July 11, 2018 proceedings in district court during which Contrell made sworn statements admitting that he had grabbed Jes'Semma by the throat and pinned her down.

## II. *Discussion*

A person commits domestic battering in the third degree if that person purposely or recklessly causes physical injury to a family or household member. Ark. Code Ann. § 5-26-305(a)(1) & (2) (Supp. 2019). "Physical injury" is defined as the infliction of substantial pain or the infliction of bruising, swelling, or a visible mark associated with physical trauma. Ark. Code Ann. § 5-1-102(14) (Repl. 2013). Contrell argues that, if Jes'Semma was not even aware that she had suffered any injury, then it was not a "physical injury" as defined by section 5-1-102(14). Therefore, he contends that the evidence was insufficient to support his conviction.

2

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Thompson v. State*, 2019 Ark. App. 391. A motion for a directed verdict shall state the specific grounds therefor. Ark. R. Crim. P. 33.1(a). The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(c). A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. *Id.* A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency, such as insufficient proof on the elements of the offense. *Id.*

Defense counsel made the following directed-verdict motion at the close of the State's case:

> And Judge, Defense will just move for a directed verdict. The evidence—this [is] our theory that the State has not met the prima facie case due to lack of sufficient evidence.

Contrell's sufficiency challenge is not preserved because he made only a general directed-verdict motion below. Because he failed to specify that the State's proof on the element of physical injury was lacking, we do not address the merits and affirm his conviction.

Affirmed.

SWITZER and BROWN, JJ., agree.

*Jones Law Firm*, by: *Parker Jones* and *John A. Butler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.

3