Cite as 2020 Ark. App. 139

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-601

|  |  |  |
|---|---|---|
| KALEB TREY BENSON | APPELLANT | **Opinion Delivered:** February 26, 2020 |
|  |  | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-620] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE GARY ARNOLD, JUDGE |
|  |  | AFFIRMED |

## BART F. VIRDEN, Judge

A Saline County jury convicted appellant Kaleb Benson of possession of drug paraphernalia and failure to appear,[1] and he was sentenced to an aggregate term of fifteen years' imprisonment. On appeal, he argues that there was insufficient evidence to support his convictions. We affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Thompson v. State*, 2019 Ark. App. 391. In a jury trial, a motion for directed verdict must be made at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). The motion shall state the specific grounds therefor. *Id.* The failure of a defendant to challenge the sufficiency of the evidence at the times and in

---

[1]The jury acquitted Benson of possession of a firearm by certain persons (felon).

the manner required will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(c).

When trial counsel moved for a directed verdict at the close of the State's case and renewed the motion at the close of all the evidence, he referred only to the felon-in-possession-of-a-firearm charge of which Benson was acquitted. In fact, trial counsel specifically declined to make any argument with regard to the sufficiency of the evidence to support Benson's convictions for possession of drug paraphernalia and failure to appear. He said,

> And Your Honor, frankly, with respect to the other charges, I don't really see a legal basis for me to make a motion for directed verdict with respect to those and so I'm not going to make one with respect to those.

Benson's challenge to the sufficiency of the evidence supporting his convictions is not preserved for review. *See, e.g.*, *Dark v. State*, 2017 Ark. App. 570, at 3, 534 S.W.3d 725, 728 (noting that, because trial counsel made no directed-verdict motion, stating, "I don't believe the record supports any motions for directed verdict or otherwise," any challenge to the sufficiency of the evidence was not preserved for review). We affirm Benson's convictions.

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Jones Law Firm*, by: *Parker Jones* and *John A. Butler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.