Cite as 2020 Ark. App. 200

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-588

| | |
|---|---|
| | **Opinion Delivered:** March 18, 2020 |
| MILTON THOMAS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-648]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Milton Thomas appeals his conviction by a Saline County Circuit Court jury of felony fleeing, for which he was sentenced to fifteen years' imprisonment. Appellant argues that the circuit court erred in denying his directed-verdict motion because the State failed to prove that appellant (1) was driving the vehicle, (2) knew that his immediate detention was being attempted, or (3) manifested extreme indifference to human life. We affirm.

Appellant's jury trial took place on January 16, 2019. Testimony showed that appellant fled from a traffic stop in Bryant, Arkansas, the night of June 14, 2018, after being stopped by Officer Shawn Johnson for a broken headlight. A pursuit ensued onto I-

30 with speeds reaching 130 m.p.h. before appellant took the Baseline Road exit and subsequently blew out a tire. Appellant eventually turned down a service road driving against traffic. The pursuit was called off due to safety concerns. Appellant's unoccupied vehicle was spotted a short time later in the middle of the parking lot of a nearby hotel. The vehicle's engine was still running, and the driver's door was open. A search of the vehicle turned up a letter addressed to appellant. Officer Johnson was able to pull up appellant's driver's license by running the name found on the letter. He concluded that the person he was looking for was appellant. Appellant was finally located in room 216 and arrested. At the conclusion of the State's case, appellant moved for a directed verdict stating, "Judge, the defense will move for a directed verdict. The State has not provided enough evidence to prove their case." The court denied the motion.

Trial proceeded with the defense presenting its case. After the defense rested, the court stated that it would "show [appellant's] motion is renewed word for word as previously stated and denied." The State subsequently presented rebuttal testimony, and afterwards, the court again stated it would "consider [appellant's] motion is renewed word for word and denied." The jury convicted appellant of fleeing and sentenced him as a habitual offender to fifteen years in the Arkansas Department of Correction. The sentencing order was filed on January 23. Appellant filed a timely notice of appeal on January 24.

A motion for a directed verdict is a challenge to the sufficiency of the evidence.[1] A motion for a directed verdict shall state the specific grounds therefor.[2] The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.[3] A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient.[4] A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency, such as insufficient proof on the elements of the offense.[5] Failure to make the motions for directed verdict with specificity regarding the sufficiency issue on appeal equates to the motion never having been made.[6]

Appellant's directed-verdict motion was not specific regarding which elements of fleeing the State's evidence failed to meet. He simply argued that the State had not provided enough evidence to prove its case. Thus, we hold that appellant's sufficiency challenge is not preserved for appeal.

Affirmed.

---

[1]*Thompson v. State*, 2019 Ark. App. 391.

[2]Ark. R. Crim. P. 33.1(a).
[3]Ark. R. Crim. P. 33.1(c).

[4]*Id.*

[5]*Id.*

[6]*Jordan v. State*, 2016 Ark. App. 255, 492 S.W.3d 543.

KLAPPENBACH and VAUGHT, JJ., agree.

*Jones Law Firm*, by: *Parker Jones* and *John A. Butler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.