Cite as 2020 Ark. App. 202

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-19-552

| | |
|---|---|
| DYLAN WAYNE CARPENTER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 1, 2020<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-17-168]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Dylan Wayne Carpenter appeals his conviction by a Garland County Circuit Court jury of one count of committing a terroristic act and one count of first-degree battery.[1] Carpenter asserts on appeal that the evidence was insufficient to convict him and that the circuit court erred in ruling certain testimony inadmissible. We summarily affirm because Carpenter's arguments are not preserved for appeal.

A full recitation of the facts is not necessary, and only the facts relevant to this appeal are set forth here. On January 15, 2017, Carpenter told Detective Mark Fallis of the Hot Springs Police Department that he shot Quadryon Gipson and Malik Blevins during a drug deal. Blevins was seriously injured, and Gipson was killed. Carpenter stated that he acted in

---

[1]Carpenter was also charged with second-degree murder, but the jury was unable to reach a verdict on this charge.

self-defense in shooting the two men because one of the men had threatened him by placing a gun to his back and trying to rob him.

On December 3, 2018, Carpenter filed a motion in limine asserting that the court should admit Blevins's February 2017 statement to Detective Fallis that he and Gipson "had previously set up other individuals to be robbed approximately two or three times prior to the incident involving the defendant." Citing Arkansas Rule of Evidence 404(b), Carpenter asserted that evidence of other crimes, wrongs, or acts may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. At the hearing, Carpenter reiterated the argument he made in his written motion, stating that

> Malik said that he and Mr. Gipson had previously set up other individuals to be robbed, approximately two to three times in the past. This relates to Mr. Carpenter's self-defense claim. It also goes to show the plan, the motive, the intent—I mean preparation. It shows the whole motive behind that as well.
>
> In his previous testimony, Blevins had stated—well, he had argued a little bit about the robbery and said he didn't really know what he pled guilty to. And so we would say that this is relevant to show that he had been in incidents like this many times and had set up other individuals to be robbed, which is identical to this situation.

The court denied the motion, concluding that "I think it's offered strictly to try and convince the jury that the way they acted before is the way they acted now, which is exactly what 404(b) is designed to prevent."

The trial proceeded, and at the close of the State's case, Carpenter moved for a directed verdict on the terroristic-act charge and the first-degree battery charge. At the close of all the evidence, Carpenter renewed his directed-verdict motion "verbatim." The jury returned guilty verdicts on both charges, and Carpenter was sentenced to concurrent terms

of ten years' imprisonment in the Arkansas Department of Correction. Carpenter timely filed his notice of appeal.

For his first point on appeal, Carpenter argues that the evidence is insufficient to negate the conclusion that he acted in self-defense; however, we do not address the issue because it was not preserved for appeal. In order to preserve for appeal any argument pertaining to the sufficiency of the evidence to support a jury verdict in a criminal case, the defendant must make a specific motion for a directed verdict of acquittal at the close of the evidence presented by the prosecution and again at the close of all the evidence. Ark. R. Crim. P. 33.1(a) & (c). The motion must advise the circuit court of the exact element that the defendant contends the State has failed to prove. *Draft v. State*, 2016 Ark. App. 216, at 5, 489 S.W.3d 712, 715. The failure to make the challenge at the times and in the manner required by the rule will constitute a waiver of any question pertaining to the sufficiency of the evidence. Ark. R. Crim. P. 33.1(c).

In general, a statutory justification is a defense to conduct that would otherwise constitute an offense. *Draft, supra.* Arkansas Code Annotated section 5-2-607(a) (Repl. 2015) provides that the use of deadly physical force in defense of a person is justified in certain circumstances. Justification becomes a defense when any evidence tending to support its existence is offered to support it. *Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003). By statute, a justification, such as self-defense, is considered an element of the offense and, once raised, must be disproved by the prosecution beyond a reasonable doubt. *Draft, supra.*

Here, at the close of the State's case, Carpenter made the following motion for a directed verdict regarding the terroristic-act charge:

3

We'd argue that the State has failed to provide substantial evidence my client fired a weapon towards a vehicle and deny that he did—he caused any injury to someone doing so. Well, I believe there's been no evidence to prove that fact.

As to the first-degree battery charge, Carpenter asserted that the State's failed to provide any substantial evidence that my client caused—caused any serious physical injury to anyone, especially Malik Blevins, and no evidence that he did so by a deadly weapon. And, again, I would argue that there was not proof of substantial—of serious physical injury.

At the close of all the evidence, Carpenter renewed his directed-verdict motion "verbatim."

In his directed verdict motion, Carpenter failed to assert that his actions were justified, and his argument regarding self-defense is not preserved for this court's review.

For his second point on appeal, Carpenter asserts that the circuit court abused its discretion by excluding Blevins's statement that he and Gipson had previously robbed two or three other people in a similar scheme. Carpenter contends that Blevins's statement demonstrates his reputation for violence in the community and that it would have supported his self-defense claim that Blevins was the initial aggressor. Again, his argument is not preserved for appeal.

A party cannot change his or her grounds for an objection or motion on appeal but is bound by the scope of arguments made at trial. *Bynum v. State*, 2018 Ark. App. 201, at 9, 546 S.W.3d 533, 540.

In his motion in limine and at the hearing that followed, Carpenter asserted that the court should admit Blevins's statement that he and Gipson "had previously set up other individuals to be robbed approximately two or three times prior to the incident involving the defendant." Citing Arkansas Rule of Evidence 404(b), Carpenter asserted that evidence

4

of other crimes, wrongs, or acts may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

On appeal, Carpenter changes his argument. Here, he asserts that the circuit court erred in denying Blevins's statement because it was admissible under the Rule 404(a)(2) exception allowing evidence of a pertinent character trait of the victim of the crime offered by an accused. Specifically, for the first time on appeal, Carpenter asserts that the statement is admissible to show that Blevins had a reputation for violence in the community.

In criminal cases, issues must be presented to the circuit court to preserve them for appeal; the circuit court must have the benefit of the development of the law by the parties to adequately rule on the issues. *Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. Because Carpenter did not present these specific arguments to the circuit court for a ruling, we do not address them on appeal.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Michael Kiel Kaiser*, *William O. "Bill" James, Jr.*, and *Megan M. Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.