Cite as 2025 Ark. App. 64

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-23-815

| | |
|---|---|
| DARIUS TYSHAWN OTEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered  February 5, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR-22-2207]<br><br>HONORABLE KAREN D. WHATLEY, JUDGE<br><br>AFFIRMED |

### WENDY SCHOLTENS WOOD, Judge

Darius Otey appeals the sentencing order of the Pulaski County Circuit Court convicting him of first-degree battery and sentencing him to ten years' imprisonment.[1] On appeal, Otey challenges the sufficiency of the evidence to support the conviction, arguing that the circuit court should have granted his motion for directed verdict because the State failed to negate his justification defense. We affirm.

On July 11, 2022, the State charged Otey with first-degree battery pursuant to Arkansas Code Annotated section 5-13-201 (Repl. 2024) following a road-rage incident. A jury trial took place on June 27, 2023.

---

[1]This case returns after supplementation of the record to include the jury-verdict forms and written jury instructions. *Otey v. State*, 2024 Ark. App. 511.

At trial, Christine Blackwell testified that on May 9, 2022, she was driving her vehicle west on Kanis Road. Her son, Omar McNeese, was in the passenger seat, and her daughter was in the back seat. Blackwell said that Otey, who was also traveling west on Kanis Road, abruptly changed lanes, pulled in front of her and almost caused an accident. Within moments of the near collision, both vehicles were stopped side-by-side at the traffic light. Blackwell testified that McNeese said something to Otey out the window, but she could not hear what McNeese said. Blackwell testified that when Otey "cracked his door," McNeese opened his door and "stood up not to be in a vulnerable position," and Otey continued to talk and then "swung his arm around and shot [McNeese]." Blackwell saw Otey with the gun and heard a gunshot. She said that McNeese did not get close enough to touch Otey, did not swing at Otey, did not have a weapon, and did not have anything in his hands. Blackwell said that McNeese stayed behind the vehicle door the entire time and that Otey drove away after shooting McNeese. Blackwell said that McNeese required emergency surgery and spent months in the hospital as a result of the shooting.

McNeese testified that when they were traveling on Kanis Road, Otey drove out of his lane and "almost hit us and then sort of got contingent[.]" McNeese said that when they got to the traffic light, he told Otey that "that was dumb as hell. You almost hit us." Otey yelled back "what you trying to do" multiple times and cracked open his door. McNeese said that he then opened his door, got out of his car, and took a step back toward the rear passenger door. He said he got out of the car because he thought Otey wanted to fight and that he was ready to fight as well. McNeese also explained that he got out of his car because

2

he thought Otey was going "to shoot," and he did not want to be sitting down with his mom right next to him. McNeese said he did not have a weapon on him, and he did not throw a punch or try to touch Otey in any way. Nevertheless, Otey rolled down the window, shot McNeese in the stomach, and drove away.

Tracy Pearson testified that she was two cars behind Otey and saw McNeese get out of his car and turn toward Otey's car but did not see McNeese move toward Otey. She said she then saw Otey "roll the window down and put the gun out the window and shoot." Pearson said that she saw McNeese grab his torso or stomach area after he was shot but never saw anything in his hands. Pearson said she did not know there was a confrontation until the gun came out and McNeese was shot.

Kell Denker was stopped directly behind Otey's car. He said he saw "these guys talking," explaining that their heads were out of their vehicles. Denker testified that McNeese got out of the passenger side of his car, took three or four steps toward Otey's car, and was eight to ten feet from Otey's car. Then, Denker saw Otey had a "gun out the window" and heard one shot. Denker said he did not see anything in McNeese's right hand or on his waistband. Denker said he saw no weapon on McNeese as he was moving.

In his motion for directed verdict, Otey argued that the State did not negate his defense of justification in light of McNeese's testimony that he exited his car "intending to fight." The circuit court ruled that whether Otey was justified in using deadly force was a question of fact for the jury. The court denied his motion as well as his renewed motion on

the same basis. The jury found Otey guilty of first-degree battery and sentenced him to ten years in prison. This appeal followed.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Draft v. State*, 2016 Ark. App. 216, at 2, 489 S.W.3d 712, 714. When sufficiency of the evidence is challenged on appeal, we consider only that proof that supports the verdict. *Id.*, 489 S.W.3d at 714. We view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Id.* at 3, 489 S.W.3d at 714. We will affirm if the finding of guilt is supported by substantial evidence. *Id.*, 489 S.W.3d at 714. Evidence is substantial if it is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without requiring resort to speculation or conjecture. *Id.*, 489 S.W.3d at 714. The weight of the evidence and credibility of the witnesses are matters for the fact-finder, not for the circuit court on a directed-verdict motion or this court on appeal. *Id.*, 489 S.W.3d at 714.

For his sole argument on appeal, Otey contends that substantial evidence does not support his first-degree-battery conviction. A person commits first-degree battery if, with the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a firearm. Ark. Code Ann. § 5-13-201(a)(8). Otey admits that he shot McNeese but contends that he acted in self-defense and that the State failed to negate his justification of self-defense.

A person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is committing or about to commit a felony

4

involving physical force or violence or is using or is about to use unlawful deadly physical force. Ark. Code Ann. § 5-2-607(a)(1)–(2) (Repl. 2024). Justification is considered an element of the offense, and once raised, it must be disproved by the prosecution beyond a reasonable doubt. *Vermillion v. State*, 2024 Ark. App. 392, at 2, 690 S.W.3d 899, 901–02.

Justification is a matter of intent and a question of fact for the jury. *Humphrey v. State*, 332 Ark. 398, 409, 966 S.W.2d 213, 219 (1998). The jury determines not only the credibility of witnesses but also the weight and value of their testimony. *E.g.*, *Luper v. State*, 2016 Ark. 371, at 6, 501 S.W.3d 812, 817. Moreover, the jury is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Brunson v. State*, 368 Ark. 313, 317, 245 S.W.3d 132, 136 (2006).

Otey claims that he acted in self-defense, pointing to the facts that McNeese started the fight by "haranguing" him; McNeese got out of his car in the middle of traffic at a busy intersection and took three or four steps in the direction of Otey's vehicle; McNeese, by his own admission, "initiated contact" with Otey because he was "spoiling for a fight"; and McNeese admitted that Otey never got out of his vehicle. Otey argues that these facts clearly establish that he reasonably believed that McNeese got out of his vehicle for the sole purpose of committing an "act" of physical force or violence against him, justifying Otey's use of deadly physical force upon McNeese.

Although Otey is correct that McNeese testified that Otey did not get out of the vehicle, McNeese also testified that Otey "cracked" open his door after saying "what you trying to do" multiple times. It was at this point that McNeese got out of his vehicle ready to

5

fight because he thought Otey wanted to fight. There was conflicting testimony about whether McNeese moved toward Otey's vehicle. Besides McNeese, Blackwell and Pearson testified that McNeese did not move toward Otey's vehicle. Denker testified that McNeese got out of his car and took three or four steps, but when asked if McNeese was moving toward Otey, Denker acknowledged that he could not really tell what was going on. In addition, McNeese, Blackwell, Pearson, and Denker testified that McNeese had nothing in his hands.

Viewing the evidence in the light most favorable to the State and considering the deference afforded to the jury to determine the weight and credibility of the evidence, as well as to resolve conflicts in the evidence, we hold that there was sufficient evidence presented by the State to negate Otey's justification defense. There was sufficient evidence presented from which the jury could conclude that Otey could not have formed a reasonable belief that McNeese was about to commit a felony against him using physical force or violence, considering that there was testimony that he had nothing in his hands, did not step toward Otey, did not throw a punch, did not try to touch Otey, and was not violent toward Otey. Therefore, we hold that there is sufficient evidence to support the conviction.[2]

Affirmed.

---

[2]We note that Otey also argues that he was not required to retreat from "McNeese's unprovoked aggression," citing Arkansas Code Annotated section 5-2-607(b)(1)–(6) (Repl. 2024). However, he did not argue this below or request and proffer a jury instruction on the duty to retreat before using deadly force. Therefore, we do not address this argument on appeal. *Bridges v. State*, 2023 Ark. 157, at 6, 676 S.W.3d 275, 279.

TUCKER and BROWN, JJ., agree.

*Jimmy C. Morris Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.