Cite as 2026 Ark. App. 85

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-774

| | | |
|---|---|---|
| EMMITT MCKINLEY | | Opinion Delivered February 11, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT |
| V. | | [NO. 22CR-22-23] |
| STATE OF ARKANSAS | | HONORABLE ROBERT B. GIBSON III, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Appellant Emmitt McKinley appeals his convictions by a Drew County Circuit Court jury for fleeing and possession of firearms by certain persons and resulting sentence of fifteen years in the Arkansas Division of Correction. On appeal, McKinley challenges the sufficiency of the evidence of both convictions and argues for reversal. We affirm.

I. *Background Facts*

On January 28, 2022, Arkansas State Trooper Tyler Grant was traveling westbound on Highway 278 when he saw McKinley's vehicle traveling eastbound at 76 miles an hour in a 60-mile-an-hour zone. After turning around, Trooper Grant activated his lights and sirens and pursued McKinley's vehicle. During the pursuit, Trooper Grant reached speeds of up to 130 miles an hour but did not catch McKinley.

As the pursuit neared Monticello, Trooper Grant radioed Monticello dispatch to report the pursuit and to describe McKinley and his car so that local officers could assist. Once in Monticello, dashcam footage from Trooper Grant's vehicle showed bystanders pointing in the direction of McKinley's car. Trooper Grant followed McKinley onto Highway 425 and then onto Chapman Road, where he ended the pursuit after losing sight of McKinley.

Monticello Police Department Officer David Menotti heard Trooper Grant radio about the pursuit and drove to North Gabbert Street to intercept McKinley. Officer Menotti saw McKinley's car and drove in behind it, and another officer blocked the car from the front to make the traffic stop. Trooper Grant arrived shortly afterward, and he arrested McKinley for fleeing. A passenger in the vehicle was later identified by McKinley as his cousin.

Incident to the arrest, Trooper Grant and Officer Menotti searched McKinley's car. Trooper Grant found a loaded Jimenez Arms .380 firearm on the driver's-side floorboard and additional magazines and ammunition elsewhere in the car. A records check did not show a registered owner for the firearm. Marijuana was found in the trunk of the car, for which McKinley claimed he had a medical-marijuana card. McKinley told officers that the gun and the car belonged to his mother-in-law. However, a post from McKinley's public Facebook account showed him with the car and included the caption "Graduation present for myself . . . Hemi." McKinley's mother-in-law, Helen Avery, testified that she had

2

mistakenly left the gun in the car's console but had not left extra magazines or ammunition in the car.

At the close of the State's case, McKinley moved for a directed verdict on the fleeing charge, arguing the State had not proved that he knew his arrest or detention was being attempted. He renewed that motion at the close of all the evidence. As part of his motion and renewed motion, McKinley also attempted to argue that the State had not proved he knew the firearm was in the car, but the circuit court noted that the first phase of trial was limited to the fleeing charge and denied the directed-verdict motions on that charge.

The jury found McKinley guilty of fleeing. The circuit court then proceeded to the felon-in-possession-of-a-firearm charge. The State introduced a sentencing order from McKinley's 2010 conviction for aggravated robbery with a deadly weapon. Neither party moved for a directed verdict on the felon-in-possession-of-a-firearm charge. The jury found McKinley guilty of that offense, and the circuit court imposed an aggregate sentence of fifteen years' imprisonment and a $10,000 fine. McKinley timely filed his notice of appeal; this appeal followed.

II. *Standard of Review*

A directed-verdict motion is a challenge to the sufficiency of the evidence. *Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Warren v. State*, 2024 Ark. App. 423, 698 S.W.3d 409. Substantial

3

evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*

The law makes no distinction between circumstantial and direct evidence when reviewing for sufficiency of the evidence. *Id.* Circumstantial evidence may constitute substantial evidence to support a conviction if it excludes every other reasonable hypothesis other than the guilt of the accused. *Holland, supra.* The question of whether circumstantial evidence excludes every reasonable hypothesis consistent with innocence is a determination for the finder of fact; on review, we must determine whether the fact-finder had to resort to speculation and conjecture to reach its decision. *Davis v. State*, 2015 Ark. App. 234, 459 S.W.3d 821. This court views the evidence in the light most favorable to the verdict; only evidence supporting the verdict will be considered. *Id.*

III. *Discussion*

First, McKinley challenges the sufficiency of the evidence supporting his conviction for fleeing. Pursuant to Arkansas Code Annotated section 5-54-125(a) (Repl. 2024), if a person knows that his or her immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of the person to refrain from fleeing, either on foot or by means of any vehicle or conveyance. McKinley argues that the State presented insufficient evidence that he knew his immediate arrest or detention was being attempted. We disagree.

McKinley cites several cases wherein some level of acknowledgment indicates that the defendant knew he or she was being sought by law enforcement. However, a person's intent

4

or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime; therefore, circumstantial evidence of a culpable mental state may constitute substantial evidence to sustain a guilty verdict. *See Kauffeld v. State*, 2017 Ark. App. 440, 528 S.W.3d 302. The intent to commit the offense may be inferred from the defendant's conduct and the surrounding circumstances. *Id.*

Here, Trooper Grant testified that within seconds of seeing McKinley driving 76 miles an hour on the highway, he made a U-turn and activated his lights and sirens. McKinley admitted that he saw the trooper pass him on the highway and that he was driving 70 to 80 miles an hour at the time. While McKinley testified that he never saw the lights and sirens behind him, the evidence shows that McKinley sped up from 76 miles an hour to approximately 130 miles an hour. Furthermore, Trooper Grant pursued McKinley into Monticello at speeds of up to 130 miles an hour but was unable to catch McKinley. During the pursuit, several bystanders can be seen on the dashcam video pointing in McKinley's direction as Trooper Grant drove past them—indicating they were aware of who the trooper was pursuing. The State also introduced evidence that McKinley had motive to flee because he was illegally possessing the firearm that was found on the driver's-side floorboard. The jury is entitled to draw upon its common sense and experience in reaching a verdict. *See Hicks v. State*, 2024 Ark. App. 316. Furthermore, because we review the evidence in the light most favorable to the State, we find that substantial evidence supports the jury's conviction for fleeing.

Next, McKinley argues that the State presented insufficient evidence that he possessed the firearm found in the floorboard of the car he was driving. However, he failed to preserve this argument by not obtaining a ruling at trial. To preserve a sufficiency argument for appeal, it is the appellant's responsibility to obtain a clear ruling on a directed-verdict motion from the circuit court, and this court does not consider a sufficiency argument when the appellant failed to do so. *E.g.*, *Compton v. State*, 2023 Ark. App. 587, 682 S.W.3d 348.

During his motion for a directed verdict, McKinley argued there was insufficient evidence of fleeing. McKinley then began to make the same sufficiency argument on the firearm charge; however, the circuit court stopped him because the first portion of the guilt phase concerned only the fleeing charge. The circuit court denied the motion with respect to the fleeing charge. McKinley then renewed his directed-verdict motion after the close of evidence and testimony on the fleeing charge, which the circuit court denied. McKinley again attempted to challenge the State's evidence on the firearm charge, but the circuit court once more reminded him that the court was handling only the fleeing charge at the time. After the jury convicted McKinley of fleeing, the court moved to the possession-of-a-firearm charge; however, McKinley did not raise any further motions.

Thus, while McKinley argued that there was insufficient evidence he possessed a firearm during the fleeing phase of the trial, he obtained a ruling with respect to only the fleeing charge. Accordingly, his possession-of-a-firearm argument is not preserved for review, and this court cannot consider the merits on appeal.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.