Cite as 2026 Ark. App. 164

# ARKANSAS COURT OF APPEALS

DIVISION I
№ CR-25-451

| | |
|---|---|
| ROBERT HOFFMAN, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered March 11, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO.60CR-24-3285]<br><br>HONORABLE ANDREW GILL, JUDGE<br><br>AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Robert Hoffman, Jr., was convicted after a bench trial of fleeing, reckless driving, and speeding. Hoffman challenges only the fleeing conviction, asserting that there is insufficient evidence to prove that he "knowingly" fled. We affirm.

The State presented the testimony of an Arkansas State Trooper and played the dash-camera video of this incident. On the night of April 12, 2024, at approximately 8:30 p.m., Trooper Weatherly was driving south in the far-right lane of Highway 67/167 near Sherwood going toward North Little Rock. A Suzuki motorcycle, which had side mirrors, passed the trooper going ninety miles per hour, well over the posted speed limit of sixty-five. The motorcycle driver, Hoffman, was wearing a helmet. The trooper activated his patrol-car lights and began to pursue the motorcycle. Hoffman increased his speed to more than 130 miles per hour. As the trooper neared Hoffman's motorcycle, he activated his siren. Hoffman

continued driving, crossing multiple lanes and weaving between other vehicles. The trooper described Hoffman's driving that night as "erratic." At least once, while the trooper was in Hoffman's immediate proximity, Hoffman looked back in the trooper's direction and accelerated, moving from the farthest right lane to the farthest left. After approximately one minute and forty seconds, with between three and four miles traveled from the time the pursuit began, Hoffman turned on his blinker and pulled over.

Hoffman testified that he was unaware that the officer was trying to pull him over. He agreed he was speeding and acknowledged his improper driving, but he claimed that he did not see the police lights or hear the siren until right before he pulled over. He denied seeing anything behind him stating his eyesight was only to the front and sides.

The circuit court observed that Hoffman was speeding when he passed by the trooper's vehicle, he had side mirrors to reflect the blue lights, there were reflections of the blue lights on other cars, Hoffman increased his speed after the trooper was pursuing him, and the trooper's siren was "blaring" behind him. The circuit court found that Hoffman's "manner of driving was clearly an attempt to avoid that stop." Hoffman was convicted of fleeing, and this appeal followed.

Hoffman argues that he was simply unaware of the officer pursuing him and trying to stop him, his helmet obscured his vision and his hearing, and there was no reason for him to flee. He asserts this was an equally plausible explanation for his behavior. On that basis, he argues that there is insufficient evidence of his "knowingly" fleeing, so the circuit court committed reversible error by not dismissing this charge. We disagree.

2

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the judgment. *Parker v. State*, 2025 Ark. 55, 709 S.W.3d 807. We will affirm the verdict if substantial evidence supports it. *Id.* A criminal defendant's state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances. *Maina v. State*, 2025 Ark. App. 38, 704 S.W.3d 364. The fact-finder does not view each fact in isolation but rather may consider the evidence as a whole. *Id.* The fact-finder is allowed to draw on common knowledge and experience to infer intent from the circumstances. *Smith v. State*, 2023 Ark. App. 57, 660 S.W.3d 622. The credibility of witnesses is an issue for the trier of fact, who is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *London v. State*, 2025 Ark. App. 444, 721 S.W.3d 792. The court is not required to believe the testimony of any witness, especially that of the accused, since he or she is the person most interested in the outcome of the proceeding. *Reece v. State*, 2025 Ark. App. 68, 704 S.W.3d 872.

There was sufficient evidence to support the fleeing conviction. The circuit court did not believe Hoffman's self-serving testimony. We will not second-guess the credibility determinations made by the fact-finder. *Davis v. State*, 2024 Ark. 49, 685 S.W.3d 909. Whether the circumstantial evidence excludes every other hypothesis is left to the trier of fact to decide. *See McKinley v. State*, 2026 Ark. App. 85, __ S.W.3d __ (fleeing conviction affirmed; McKinley denied knowing that police car was attempting to stop his speeding vehicle). The fact finder is not required to lay aside common sense and may infer guilt from

3

improbable explanations or incriminating conduct. *Jenkins v. State*, 2020 Ark. App. 45, 593 S.W.3d 51.

Affirmed.

TUCKER and HIXSON, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Mallory Wood*, Ass't Att'y Gen., for appellee.